FILED'09 APR 06 16:02USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLIE HAMILTON CHARLTON,

    Petitioner,

  v.

GUY HALL,

    Respondent.

Civil No. 08-471-PA

OPINION AND ORDER

Craig E. Weinerman
Assistant Federal Public Defender
151 W. Seventh Avenue, Suite 510
Eugene, Oregon 97401

  Attorney for Petitioner

John R. Kroger
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

  Attorneys for Respondent

///

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state court conviction for Sexual Abuse in the First Degree. For the reasons which follow, the Petition for Writ of Habeas Corpus (#2) is dismissed without prejudice.

## BACKGROUND

In January of 2007, Petitioner pled guilty to one count of Sexual Abuse in the First Degree and was sentenced to a prison term of 75 months. Respondent's Exhibit 101. As part of the plea agreement, the State dropped three counts of Sexual Abuse in the First Degree, and petitioner agreed to waive his direct appeal and collateral remedies, including his federal habeas corpus remedy. Respondent's Exhibit 104.

Petitioner did not pursue a direct appeal, nor did he file for state post-conviction relief ("PCR"). On April 17, 2008, petitioner filed his Petition for Writ of Habeas Corpus along with a Motion for Appointment of Counsel. On May 22, 2008, the court granted petitioner's Motion for Appointment of Counsel.

The parties to this case agree that petitioner has not fairly presented any claims to the Oregon state courts in order to properly preserve them for federal habeas review. Petitioner argues that he should be excused from the exhaustion requirement because: (1) he has waived his right to avail himself of his state PCR proceedings

as part of the plea agreement, therefore the state corrective process is futile; and (2) his mental disease renders the state court corrective process ineffective to protect his rights.

## DISCUSSION

### I. Unauthorized *Pro Se* Filings.

As an initial matter, petitioner has filed a variety of *pro se* documents with the court despite the fact that Local Rule 83.9 does not allow him to do so. The court has twice advised petitioner of this prohibition, but he continues to file *pro se* documents without permission. As a result, the court strikes the following documents: #20, #21, #22, #23, #24, #25, #32, #45, #47, #48, and #49.

### II. Exhaustion and Procedural Default.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the

merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Alternatively, a litigant may be excused from the exhaustion requirement if he can show that there is either an absence of available state corrective process, or that circumstances exist that render the process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1)(B).

In this case, respondent asserts that petitioner's claims are unexhausted because he has not availed himself of any state court remedy.[1] According to petitioner, his prior agreement to waive his

---

[1] Respondent does not argue that petitioner's claims are procedurally defaulted at this time.

direct appellate and collateral state and federal remedies should excuse the exhaustion requirement. Petitioner, however, does not argue that his waiver was entered involuntarily; he simply alleges that the existence of the waiver should exempt him from the exhaustion requirement. Where a petitioner voluntarily waives his state remedies, he cannot later claim that there is an absence of state corrective process such that he should be excused from the exhaustion requirement altogether.

Petitioner also asserts that he suffers from a mental disease which renders Oregon's corrective process ineffective to protect his rights. Even assuming petitioner suffers from a mental disease (something he has not documented in this case), he would not be excused from the exhaustion requirement. The Ninth Circuit has held that where a petitioner with a mental condition has the assistance of other inmates or an attorney, he is still subject to the exhaustion requirement. *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988); *see also Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (prisoner's illiteracy coupled with complete lack of legal assistance does not constitute cause for procedural default).

Oregon's state PCR process provides attorneys for indigent prisoners such as petitioner. ORS 138.590. Petitioner has demonstrated a clear ability to seek the appointment of counsel as demonstrated by his *pro se* Motion for Appointment of Counsel (#3)

5 - OPINION AND ORDER

filed contemporaneously with his Petition in this case, and his supplemental *pro se* Motion for Appointment of Counsel (#29). As a result, this court is unable to conclude that the state corrective process is ineffective to protect petitioner's rights. Accordingly, the exhaustion requirement is not excused, and the Petition is dismissed based on petitioner's failure to fairly present his claims to the Oregon state courts.

## CONCLUSION

Based on the foregoing, petitioner's Petition for Writ of Habeas Corpus (#2) is DISMISSED on the basis that he has not yet fairly presented any claims to Oregon's state courts. The dismissal is without prejudice to petitioner's right to refile this action should he fairly present a federal constitutional claim to Oregon's state courts.

The Clerk of Court is DIRECTED TO STRIKE the following documents: #20, #21, #22, #23, #24, #25, #32, #45, #47, #48, and #49.

IT IS SO ORDERED.

DATED this 6 day of April, 2009.

Owen M. Panner
United States District Judge